FILLINGHAM v. MICHIGAN UNITED RAILWAYS.

1. DAMAGES—PERSONAL INJURIES—INJURY TO EARNING CAPACITY
   —PLEADINGS—SUFFICIENCY—PLAINTIFF'S OCCUPATION.
   In an action for damages for personal injuries, an averment in the declaration that plaintiff was a "machinist" is sufficient to permit recovery for decreased earning capacity as a "tool maker," the proofs showing that tool makers are machinists, and the word "machinist" being comprehensive enough to include not only ordinary machinists, but skillful machinists as well.

2. SAME—ASSESSMENT—EXAMINATION BY PHYSICIANS—DISCRETION OF COURT.
   Where plaintiff had already submitted to an examination by two physicians employed by defendant, who had testified in the case, there was no abuse of discretion in refusing to compel him to submit to an examination by a third physician, who was also a witness for defendant, and who testified to having treated plaintiff some years before.

3. TRIAL—ARGUMENT OF COUNSEL—COMMENTS ON EVIDENCE.
   Counsel had a right to say in argument that he did not see how the testimony of the doctors could be reconciled, where it was in fact in direct conflict.

4. SAME—CURE BY COURT.
   A statement by counsel that plaintiff had offered in the presence of the jury to submit to an examination by a physician

did not constitute reversible error, where the court suggested to counsel that he thought it would be better to avoid reference to it, and the court was not at that time or later requested to caution the jury further.

5. DAMAGES—PRE-EXISTING INJURIES—INSTRUCTIONS—PROPRIETY. In an action for damages for personal injuries, instructions requested and given examined, and *held*, that those given were not uncertain or misleading as to plaintiff's right to recover for suffering and disability arising from aggravation of existing injuries.

Error to Ingham; Wiest, J. Submitted June 8, 1908. (Docket No. 36.) Decided September 15, 1908.

Case by Charles H. Fillingham against the Michigan United Railways for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Sanford W. Ladd,* for appellant.

*Thomas, Cummins & Nichols,* for appellee.

MOORE, J. The plaintiff recovered a judgment for injuries received while a passenger on one of defendant's street cars. On the trial, and now, the defendant admitted its negligence. The declaration alleges that the plaintiff was a machinist. The proofs disclose that at the time of the accident he was employed making tools at $2.75 a day. It is the claim of counsel that the court erred in refusing the following request:

" I charge you that in this case the plaintiff cannot recover any damages as a skilled workman, and for any decreased earning capacity as a skilled workman. He is only entitled to such damages, if any, as the proofs show he has sustained as an ordinary machinist following directly from this injury, and that under the evidence in the case the plaintiff is shown to be able to earn a sum greater than that of an ordinary machinist; and I therefore charge you that he cannot recover for any decrease in his earning capacity after July 8, 1907."

It is also said that the court erred in saying to the jury:

"The 3d day of last January the plaintiff in this case

was a machinist employed at the New Way Motor Company, in North Lansing."

Counsel say this is contrary to the testimony of the plaintiff himself, as already pointed out, as at that time he was not employed as an ordinary machinist, but as a tool maker. This contention, in effect, is stated several ways by counsel. We think in making this claim counsel is overcritical. The amended declaration did not describe the plaintiff as an ordinary machinist, but did describe him as a "machinist," a word broad enough to include, not only an ordinary machinist, but a skillful machinist as well. The proofs show that tool makers are machinists.

Upon the trial the following occurred:

"*Mr. Tuttle:* Before we finish with the direct examination of this witness and at this time, I wish to ask for permission of Dr. Alvord—and to confine my requests now to this—that Dr. Alvord be permitted to examine Mr. Fillingham either in the presence of the jury and make these measurements and examination, or privately whichever way is most satisfactory to the court and counsel, but I ask that he be permitted, that Dr. Alford be permitted, to make an examination of Mr. Fillingham as to his condition and make measurements of his liver of the present condition that he is in, and that he then be allowed to state the result here as a part of his examination.

"*The Court:* I don't hear any consent.

"*Mr. Nichols:* We consented yesterday to the examination of this plaintiff by a physician that was not here either in the employ of the plaintiff or the defendant—disinterested—which proposition our friends have refused to concede to. Therefore we think we have done all our duty requires under the circumstances.

"*Mr. Tuttle:* I ask this in the light, too, of the evidence that the doctors have had this opportunity.

"*Mr. Cummins:* So have yours.

"*Mr. Tuttle:* Have had this opportunity to examine him as he sees fit, and we are shut out from proof in regard to that matter, and I ask that Dr. Alvord, who is a competent man, be permitted to make that examination, and I don't think that it is any answer to my request that Dr. Alvord be permitted to.

"*Mr. Nichols:* Dr. Shank and Dr. Haze, who, I sub-

mit, are competent to tell whether a man's liver is large, and the condition of it, are probably just as competent as Dr. Alvord, have made an examination of this man, and we submit that that is enough.

"*Mr. Tuttle:* And that at no stage during the trial of this case did we find out about those previous injuries, and that we had no opportunity to examine him since we found out that there were previous injuries so as to know about the nature of it.

"*The Court:* Do I understand for the purpose of the record the plaintiff submitted to an examination by a physician before the trial?

"*Mr. Cummins:* By two, and more if they cared to produce them.

"*Mr. Ladd:* Now, that was not the understanding.

"*The Court:* Did he submit to an examination of two physicians selected by you?

"*Mr. Ladd:* Yes; on October 25, 1907, as has been shown here at this time, but at a time we know nothing in reference to the—

"*The Court:* I shall decline at this time to order the plaintiff to submit to an examination at the hands of Dr. Alvord. I will, if you want it, select a physician myself, one satisfactory to both sides, to make an examination, a complete examination, and testify in this case. Go ahead.

"*Mr. Tuttle:* I take an exception to the court's remarks. It is to the statement of this man upon a motion which don't involve this question at all. It is embarrassing to the defendant in the case and prejudicial.

"*The Court:* Very well."

The refusal to comply with the request of Mr. Tuttle and the remark of the court in relation thereto is said to be error. It was the claim of defendant that, before the injury involved in this suit in 1906, while in the employ of the Reo Motor Car Company, and in 1900, while employed at Battle Creek in a steam pump company, plaintiff was injured in accidents, and that he had not recovered when he was hurt in the street railway accident. Dr. Alvord was a resident of Battle Creek, and testified that he treated plaintiff in 1893. His testimony was at very considerable length. He was on the witness stand when the colloquy occurred to which we have referred.

It appears in the colloquy that Dr. Shank and Dr. Haze, who were in the employ of the defendant, and who were witnesses in its behalf, had examined the plaintiff. We think it very clear that under these circumstances the trial court did not abuse its discretion. See 16 Am. & Eng. Enc. Law (2d Ed.), pp. 813, 814, and the many cases cited in the notes.

Error is assigned as to the argument of counsel for plaintiff. He had a right to say that he did not see how the testimony of the doctors could be reconciled, for it was in direct conflict. As to that part of his statement that plaintiff had offered in the presence of the jury to submit to an examination by a physician, the trial judge suggested to counsel that he thought it would be better to avoid any reference to it. An exception was taken, but the court was neither then nor by a request to charge requested to caution the jury further as to the effect of what had been said by counsel. We think it clear that what was said and done did not constitute reversible error.

Counsel preferred a request reading as follows:

"I charge you that in this case if you find from the evidence in the case that the injury, which the plaintiff suffered from the accident in question, resulted in part from physical defects resulting from previous injuries or injury, coupled with the injury in question, so that his injury following the accident in question was greater in any degree than it would have been except for the previous physical defect or defects, then I charge you that in this case the plaintiff cannot recover anything for these injuries which you so find resulted partly from the previous physical defects."

This request was not given except as covered in the general charge. Counsel say of this that the jury were told:

"In other words, the plaintiff can recover for all injuries now complained of, and which were occasioned by the accident of January 3, 1907, making no allowance for an aggravation of a pre-existing injury or a physical con-

dition which is the result of a pre-existing injury augmented by the accident of January 3d. For this reason we contend that the case should be reversed."

What was said upon that subject was as follows:

"If you find the plaintiff was suffering on January 3, 1907, at the time of the accident, from a disease of his nervous system, known as 'neurosis,' and that disease and injuries received on January 3d account for some portion of the condition he complains was caused by the defendant, that alone will not bar his recovery of all damages in this case, but does bear upon and affect the question of the amount of damages he has sustained on account of injuries he claims to have received at the hands of the defendant. In case plaintiff was suffering from an existing nervous disease when injured on January 3, 1907, and such disease with the injuries so received have caused him pain, suffering, and disability, then defendant can only be held for the pain, suffering, and disability to plaintiff arising and resulting from the injuries actually received by plaintiff, and established by the evidence as having occurred on January 3d. And it is your duty in case of existing nervous disease in plaintiff at that time to determine from all of the evidence what pain and suffering and disability if any the plaintiff has and will suffer from the injuries if any to his liver, spleen, ribs, stomach, and bowels, and only allow him damages for such portion of his pain and suffering and disability due to the injuries in question, but will allow reasonable compensation for such pain and suffering and disability and medical expense traceable to the injuries of January 3d, and not due to his nervous disease, if any existed, when he was so injured. Plaintiff does not ask for damages for an aggravation of an existing disease. He does ask damages for pain and suffering and disability caused by injuries to his liver, spleen, ribs, stomach, and bowels, and he cannot be permitted to recover damages for an aggravation of an existing disease because he denies the existence of such disease, and he does not ask you for damages on any such theory. He does ask for damages for pain and suffering and disability arising from the injuries to his liver, spleen, ribs, stomach, and bowels, and, if he gets damages, it must be for the injuries so alleged, and not for disease, if any existed, when he was injured, or for an aggravation of such existing disease, if any."

We do not think this language has an uncertain sound, nor that it could have been misunderstood by the jury. We have referred to the important questions raised by the assignments of error. The others we have examined, but it is unnecessary to discuss them.

Judgment is affirmed.

GRANT, C. J., and BLAIR, HOOKER, and McALVAY, JJ., concurred.